IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LOUISE ROUNDS                                                           PLAINTIFF

v.                                      No. 5:12-cv-276-DPM

SOUTHERN HERITAGE HEALTH AND
REHABILITATION, LLC                                            DEFENDANT

ORDER

**1.** This was a case of many employment claims.  The Court granted summary judgment on all but one—an FMLA entitlement claim about leave to care for Rounds's mother. *№ 76.*  We had a two-day trial, and this claim went to the jury.  Rounds prevailed.  She got a judgment for approximately $1,000.00.  The remaining issues are costs and reasonable attorney's fees. 29 U.S.C. § 2617(a)(3); *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983); *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012).

**2.** Southern Heritage doesn't challenge the $2,314.48 requested for the filing fee, subpoena-related fees, depositions, postage, and copies.  These costs are within Rule 54 and the statute; they're reasonable; and they are therefore awarded.

**3.** Rounds's lead lawyer requests a fee of approximately $87,000.00, which reflects all the time she devoted to the whole case at $300.00/hour. Her work on the FMLA claim, she argues, was inextricably intertwined with work on the unsuccessful claims. Rounds's other lawyer seeks approximately $2,300.00. She entered the case right before trial. She requests payment for research and support at trial at a reduced rate of $100.00/hour. Southern Heritage asks the Court to deny fees or greatly reduce those requested.

**4.** Having considered all the material circumstances under *Hensley*, the Court awards a total reasonable fee of $15,500.00. The Court apportions $1,500.00 of the fee to Howard and $14,000 to Harris.

A reasonable rate for Howard's approximately seven hours of pre-trial work (research and instructions) is $140.00/hour. That equals approximately $1,000.00. The Court awards an additional $500.00 for trial time. Having a second set of eyes and ears at trial was no doubt helpful for Rounds, but it wasn't essential in this straight-forward case. The Court notes that Southern Heritage had a second lawyer helping on the briefs and other matters, but she didn't attend trial—because she didn't need to. The reduced award for Howard's trial time reflects the helpfulness/need circumstances.

Awarding fees for all the time Harris spent on the case at $300.00/hour would be unreasonable. First, notwithstanding counsel's experience and ability, that rate is too high. $200.00 an hour better reflects the market and the case. Second, Southern Heritage prevailed on almost all Rounds's claims. The one successful claim was not complex — it was a credibility call about key witnesses in an area of settled law. The damages issue was unusual, but not hard. The Court concludes that approximately 70 hours of time is a reasonable amount to have spent from start to finish on this narrow claim. The Court sees no extraordinary circumstance that would justify an enhanced award.

* * *

Howard's original motion, № 104, is denied as moot; her amended motion, № 105, is granted as modified. Harris's motion, № 106, is granted in part and denied in part. The Court will file an Amended Judgment that includes costs and fees. If Southern Heritage wishes to supersede the Amended Judgment, it must deposit $18,000.00 more with the Clerk, or file an adequate bond by 31 March 2015. If it does not, the temporary stay will dissolve on that day.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

6 March 2015